

# United States Court of Appeals
# for the Fifth Circuit

Certified as a true copy and issued
as the mandate on **Nov 18, 2024**

Attest:
*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 23-50841
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2024

Lyle W. Cayce
Clerk

DESSIE ANDREWS,

*Plaintiff—Appellant,*

*versus*

ALMA S. ADAMS, *in their personal and official capacity*; CURRENT AND FORMER MEMBERS OF CONGRESS, *in their personal and official capacity*; ROBERT B. ADERHOLT, *in their personal and official capacity*; PETE AGUILAR, *in their personal and official capacity*; RICK W. ALLEN, *in their personal and official capacity*; ET AL.,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-95

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50841
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2024

Lyle W. Cayce
Clerk

Dessie Andrews,

> *Plaintiff—Appellant,*

*versus*

Alma S. Adams, *in their personal and official capacity*; Current and Former Members of Congress, *in their personal and official capacity*; Robert B. Aderholt, *in their personal and official capacity*; Pete Aguilar, *in their personal and official capacity*; Rick W. Allen, *in their personal and official capacity*; Et al.,

> *Defendants—Appellees.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-95

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Dessie Andrews appeals the district court's dismissal of her claims against more than five hundred current and former

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50841

members of Congress (collectively, "Appellees") for lack of subject-matter jurisdiction. Concluding that the district court correctly applied well-established law in dismissing Andrews's complaint, we AFFIRM.

Andrews initiated this action against Appellees, seeking monetary and injunctive relief, for numerous acts of Congress from the American Civil War to the present. More specifically, Andrews challenges as unconstitutional Congress's decision to (1) abandon the gold standard, (2) permit the country to accumulate debt and pass "omnibus spending bills," and (3) take actions pursuant to the "War Powers."[1] These actions, says Andrews, violated the Congressmembers' oaths of office, her constitutional rights, and the constitutional rights of the public generally. Appellees filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, contending that Andrews lacked standing and sovereign and legislative immunity barred her claims. Andrews objected on various grounds, including that dismissal would violate her due process rights. The district court overruled her objections and adopted the Magistrate Judge's report and recommendation. The district court concluded that Andrews had not established a concrete and particularized injury-in-fact sufficient to establish standing. It also determined that the United States had not waived sovereign immunity and that the Speech or Debate Clause barred her claims against members of Congress.

"We review *de novo* the district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). The party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In reviewing a Rule 12(b)(1)

---

[1] Andrews characterized these claims as promissory estoppel claims (with respect to the gold standard and debt accumulation) and conspiracy claims (with respect to the gold standard and the War Powers).

motion to dismiss where the district court relied only on the face of the complaint, as here, 'our review is limited to determining whether the district court's application of the law is correct.'" *Fort Bend Cnty. v. United States Army Corps of Eng'rs*, 59 F.4th 180, 188 (5th Cir. 2023) (quoting *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 (5th Cir. 2021)).

The district court correctly applied the law in rejecting Andrews's assertion of Article III standing because she failed to demonstrate that she suffered an injury-in-fact that is "concrete and particularized" to her. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Andrews alleged that her injuries "are not merely speculative or hypothetical, but directly impact [her] financial stability, erode [her] trust in the democratic process, restrict [her] economic opportunities, and compromise [her] personal safety and liberties." However, the district court correctly concluded that such injuries are the kind of "undifferentiated, generalized grievance about government that is insufficient to establish standing." It is well established that, to assert an injury-in-fact, a plaintiff must show more than "a general interest common to all members of the public." *Id.* at 575 (quoting *Ex parte Levitt*, 302 U.S. 633, 634 (1937)). The district court thus did not err in holding that Andrews lacked Article III standing because she was "no more directly impacted by her allegations of official misconduct than any other citizen of the United States."

We also agree that Andrews failed to overcome Appellees' affirmative defenses of sovereign and legislative immunity. The United States "may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Andrews "bears the burden of showing Congress's unequivocal waiver" of immunity. *Franklin v. United States*, 49 F.4th 429, 434 (5th Cir. 2022) (brackets omitted). She failed to meet this burden. The district court correctly concluded that, to the extent that they were alleged violations of her

constitutional rights, her claims for monetary and injunctive relief are barred. Sovereign immunity also bars Andrews's promissory estoppel claims. *See Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996) (noting that the United States has not waived sovereign immunity for "implied in fact" agreements, which are the basis of claims for promissory estoppel). To the extent that Andrews's claims could be considered tort claims, the Federal Tort Claims Act's limited waiver of sovereign immunity does not save them. *See* 28 U.S.C. § 1346(b)(1). Finally, with respect to her claims against members of Congress, Andrews has not sufficiently alleged actions outside the scope of their constitutional authority, as required to overcome sovereign immunity as to those claims.

Legislative immunity also bars Andrews's claims against members of Congress for their "legitimate legislative activity." *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975). The Speech or Debate Clause of the United States Constitution, on which that doctrine rests, immunizes members of Congress from civil suits for damages "for any Speech or Debate in either House." U.S. CONST., Art. I, § 6, cl. 1. Andrews's claims are based on legislation passed by Congress, an undeniably legislative activity, and the district court correctly held that those Appellees are immune under the Speech or Debate Clause.

Finally, we agree that Andrews's due process rights were not violated by the district court's dismissal of her action. Nothing in the record suggests that she did not receive notice throughout the proceedings. Indeed, she was provided the opportunity to object to the Magistrate Judge's report and recommendations and, although her objections were untimely, the district court took them into consideration.

The district court dismissed all of Andrews's claims with prejudice. However, dismissal was premised on jurisdictional (standing) grounds,

No. 23-50841

which generally dictates dismissal without prejudice. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 396 (5th Cir. 2024) (quoting *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022)). Finding no error in the district court's application of the law, we AFFIRM the grant of Appellees' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. However, we MODIFY it to be *without* prejudice.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 18, 2024

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

        No. 23-50841    Andrews v. Adams
                        USDC No. 1:23-CV-95

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Casey A. Sullivan, Deputy Clerk
                        504-310-7642

cc:
        Ms. Dessie Andrews
        Mr. David B. Goode